## APPEAL OF MAYER'S, INCORPORATED.

Docket No. 3774.   Decided October 26, 1926.

Salaries paid to officers of the taxpayer *held* reasonable in amount and properly deductible from gross income.

*Paul E. Shorb, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the Commissioner.

### FINDINGS OF FACT.

The petitioner is a Maryland corporation organized in May, 1917, with a capital stock of $15,000, divided into 300 shares of the par value of $50 each, and it is and has been since its organization engaged in operating a department store at Baltimore, Md. During the years 1920 and 1921, 282 shares of the capital stock were owned by Mrs. Fannie Mayer; her sons, J. H. Mayer and L. H. Mayer, each owned 6 shares, and her son-in-law, A. D. Kaufman, owned 6 shares.

During the years 1920 and 1921, J. H. Mayer was president of the corporation. He also acted as buyer for several of its departments and supervised the entire business. A. D. Kaufman and L. H. Mayer were, respectively, vice president and secretary-treasurer of the corporation, and each of them also acted as buyer for and manager of certain departments of the store. Mrs. Fannie Mayer, who had been familiar with the business for many years, it having been owned and operated by her husband as a sole proprietorship prior to the year 1917, was employed as manager of and buyer for the millinery department, and she assisted and counseled in the management of the entire store. Each of the persons named devoted his or her entire time to the business of the corporation.

On March 15, 1920, at a special meeting of the board of directors of the corporation called for the purpose of fixing proper compensation for its officers for the year 1920, the following resolution was adopted:

Upon motion of L. H. Mayer, seconded by A. D. Kaufman, it was unanimously agreed that the compensation of officers for the year 1920 be as follows:

| | |
|---|---|
| J. H. Mayer, President | $12, 500 |
| A. D. Kaufman, Vice President | 12, 500 |
| L. H. Mayer, Sec'y-Treas | 12, 500 |

J. H. Mayer, as president of the corporation and acting for it, agreed with Mrs. Fannie Mayer to pay her $12,500 for her services to the corporation during the year 1920.

At a regular meeting of the board of directors of the corporation held on March 1, 1921, J. H. Mayer, A. D. Kaufman and L. H. Mayer were re-elected president, vice president, and secretary-treasurer, respectively, of the corporation, their "compensation to remain as previous years basis until further notice." J. H. Mayer, president, acting on behalf of the corporation, also contracted with Mrs. Fannie Mayer to pay her $12,500 for her services to the corporation during the year 1921.

On December 1, 1921, at a special meeting of the board of directors called for the purpose of adjusting salaries, the following resolution was adopted:

Mr. J. H. Mayer, president of the company, presented to the board facts that the business of the current year did not show sufficient profits to justify the payment of salaries, tentatively agreed upon at the meeting held in March.

It was therefore unanimously agreed that the officers one and all, waive their right to the bonus previously paid, and accept such additional compensation as the Board of Directors would feel justified in allowing.

It is therefore agreed that the officers, in view of the fact that they had rendered a sufficient service in a very trying period of business history, should not be cut off entirely from the bonus paid, but the sum of $1,000 over the amount drawn, namely $8,500 for the calendar year 1921.

Mrs. Fannie Mayer also agreed that her salary for the year 1921 should be reduced to $8,500.

The books of the corporation were kept on the accrual basis. During the year 1920, J. H. Mayer, A. D. Kaufman, L. H. Mayer and Mrs. Fannie Mayer were each credited with salary at the rate of $625 per month, and on December 31, 1920, each was also credited with salary in the amount of $5,000. During the year 1921 each of the persons named was credited with salary in the amount of $12,500, in the same manner as for the year 1920. They did not, however, actually withdraw more than $8,500 each, and on March 31, 1922, entries were made on the corporation's books carrying into effect the reduction in salaries agreed upon at the meeting of the board of directors held on December 1, 1921.

J. H. Mayer, A. D. Kaufman, L. H. Mayer and Mrs. Fannie Mayer each reported in their respective income-tax returns for the year 1920 the amount of $12,500, as having been received as compensation from the petitioner corporation during that year. Each of the persons named reported in his or her income-tax return for the year 1921 the amount of $8,500, as having been received as compensation from the corporation during that year. The corporation, in its income and profits-tax return for the year 1920, deducted $50,000, as salaries or compensation paid to J. H. Mayer, A. D. Kaufman, L. H. Mayer and Mrs. Fannie Mayer, and, in its income and profits-tax return for the year 1921, it deducted $34,000, as salaries or compensation paid to them.

The sales of the corporation during the year 1918 to 1921, inclusive, were as follows:

| Years. | Amounts. |
| --- | --- |
| 1918 | $205,991.26 |
| 1919 | 233,297.45 |
| 1920 | 307,288.95 |
| 1921 | 255,221.95 |

The petitioner, in its income and profits-tax return for the year 1920, reported its net income as $16,238.90, and its invested capital

as $42,842.04. The Commissioner, upon audit of the return, disallowed the salaries paid to J. H. Mayer, A. D. Kaufman, L. H. Mayer and Mrs. Fannie Mayer, in excess of $7,500, each, and, after making certain minor adjustments not material here, determined that the petitioner's net income and invested capital for the year 1920 were $36,286.62 and $39,667.77, respectively.

The petitioner, in its income and profits-tax return for the year 1921, reported its net income as $1,869.88 and its invested capital as $53,370.18. The Commissioner disallowed salaries paid to J. H. Mayer, A. D. Kaufman, L. H. Mayer and Mrs. Fannie Mayer, in excess of $7,500 each, made certain other adjustments not in controversy here, and determined that the petitioner's net income for the year 1921 was $6,037, and its invested capital $46,747.42.

## OPINION.

MARQUETTE: There is nothing in the record herein to warrant the conclusion that the salaries paid by the petitioner to its officers and Mrs. Mayer were not justified by the condition of the business or that they were in reality nothing more than distribution of profits. The salaries were fixed in the early part of each year and they were not in proportion to the stockholdings of the several persons to whom they were paid. Each of the persons named devoted his or her entire time to the conduct of the business and was entitled to reasonable compensation for his or her services. The salaries paid for the year 1920 were certainly justified by the volume of business and profit for that year, since, after paying these salaries, the corporation still had net earnings equal to about 40 per cent of its invested capital, and, in view of the success achieved in 1920, the directors were warranted, in March, 1921, in fixing the same salaries for the year 1921 as were paid in 1920. However, there was a depression in business and the salaries were found to be too large, when measured by the profits of the year, and the officers and Mrs. Mayer each voluntarily waived or remitted $4,000 thereof, although they were under no legal obligation to do so. We are of the opinion that the salaries annually paid by the corporation for the years in question were for personal services actually rendered by the persons to whom they were paid, and that they were reasonable in amount and should be allowed. *Appeal of Union Dry Goods Co.,* 1 B. T. A. 833.

> *Judgment will be entered on 15 days' notice, under Rule 50.*