*184 OPINION.
Maiiqixette :
There is nothing in the record herein to warrant the conclusion that the salaries paid by the petitioner to its officers and Mrs. Mayer were not justified by the condition of the business or that they were in reality nothing more than distribution of profits. The salaries were fixed in the early part of each year and they were not in proportion to the stockholdings of the several persons to whom they were paid. Each of the persons named devoted his or her entire time to the conduct of the business and was entitled to reasonable compensation for his or her services. The salaries paid for the year 1920 were certainly justified by the volume of business and profit for that year, since, after paying these salaries, the corporation still had'net earnings equal to about 40 per cent of its invested capital, and, in view of the success achieved in 1920, the directors were warranted, in March, 1921, in fixing the same salaries for the year 1921 as were paid in 1920. However, there was a depression in business and the salaries were found to be too large, when measured by the profits of the year, and the officers and Mrs. Mayer each voluntarily waived or remitted $4,000 thereof, although they were under no legal obligation to do so. We are of the opinion that the salaries annually paid by the corporation for the years in question were for personal services actually rendered by the persons to whom they were paid, and that they were reasonable in amount and should be allowed. Appeal of Union Dry Goods Co., 1 B. T. A. 833.
Judgment will be entered on 15 days' notice, under Rule 50.